UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DeCHERI HAFER,<br><br>    Plaintiff,<br><br>    v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,<br><br>    Defendants. | No. 2: 22-cv-01370-KJM-CKD (PS)<br><br>ORDER GRANTING IFP REQUEST BUT DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>FINDINGS AND RECOMMENDATIONS DENYING TRO |

Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF Nos. 3, 9.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing, so plaintiff's request is granted.

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry. Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case. See United

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

**Legal Standards**

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Rule 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted,

the court must accept the well-pleaded factual allegations as true, <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see <u>Papasan v. Allain</u>, 478 U.S. 265, 283 (1986).  The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations."  <u>Paulsen v. CNF Inc.</u>, 559 F.3d 1061, 1071 (9th Cir. 2009).

**Complaint**

Plaintiff filed this action in the Central District on July 22, 2022.  (ECF No. 1.)  On August 2, 2022, the matter was transferred to this court.  (ECF No. 6.)  Plaintiff filed a First Amended Complaint (FAC) on November 16, 2022.  (ECF No. 7.)

A plaintiff may file an amended complaint as a matter of right before any responsive pleading has been filed.  Fed. R. Civ. P. 15(a).  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, the court construes plaintiff's FAC as the operative complaint.

Plaintiff's first claim alleges due process violations under the Fourteenth Amendment.  (<u>See</u> ECF No. 7 at 6.)  Plaintiff's due process claim arises from allegations that defendant Sacramento Housing and Redevelopment Agency canceled her Section 8 housing benefits without notice.  (<u>Id</u>. at 6.)  Plaintiff alleges that she received Section 8 housing benefits from the Sacramento Housing and Redevelopment Agency from approximately 2003 until approximately 2007 or 2008.  (<u>Id</u>.)  Plaintiff states that she was in jail in Concord, North Carolina when her benefits were canceled.  (<u>Id</u>.)  Plaintiff's complaint does not indicate when she was released from jail.

Plaintiff's second claim alleges civil rights violations under 42 U.S.C. § 2000a (right to be free from discrimination in places of public accommodations).  (<u>Id</u>. at 16-17 (citing 42 U.S.C. § 2000a)).  Plaintiff alleges that the Sacramento Housing and Redevelopment Agency

3

canceled her housing benefits because of race. (Id. at 17.)

In addition to plaintiff's constitutional and civil rights claims, plaintiff alleges "malice" against the Sacramento Housing and Redevelopment Agency and the United States. (ECF No. 7 at 17). She also seeks a temporary restraining order. (Id. at 19-22.)

**Analysis**

For the reasons outlined below, the court finds that plaintiff has not stated a claim upon which relief can be granted, and therefore dismisses the complaint. See Fed. R. Civ. P. 12(b)(6). But, because plaintiff is proceeding pro se, and because it is at least conceivable that plaintiff could allege additional facts to potentially state a claim for relief, the court grants plaintiff an opportunity to amend the complaint. See Lopez, 203 F.3d at 1130.

    1. Due Process claim

Plaintiff alleges Fourteenth Amendment due process violations. (ECF No. 7 at 6.) 42 U.S.C. § 1983 provides a cause of action for the deprivation of "rights, privileges, or immunities secured by the Constitution or laws of the United States" against a person acting "under color of any statute, ordinance, regulation, custom, or usage." Gomez v. Toledo, 446 U.S. 635, 639 (1980). "Section 1983 is not itself a source of substantive rights; rather it provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393–394 (1989).

Plaintiff's due process claim appears barred by the two-year statute of limitations. Because 42 U.S.C. § 1983 contains no statute of limitations, federal courts in California typically apply the state's "statute of limitations for personal injury actions, along with the forum state's law regarding tolling." Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007); see also McDougal v. County of Imperial, 942 F.2d 668, 673-74 (9th Cir. 1991) (holding that Section 1985 claims should be governed by the same statute of limitations as 1983 claims). In California, personal injury claims must be brought within two years. California Code of Civil Procedure § 335.1 (2020).

The court begins a statute of limitations analysis by determining when plaintiff's claims accrued. See Miller v. Najera, 2020 WL 731176, at *6-7 (E.D. Cal. Feb. 13, 2020). Under

federal law, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers v. Lewis, 174 F.3d 987, 992.

Here, plaintiff alleges that her Section 8 housing benefits were canceled without notice in 2007 or 2008. (ECF No. 7 at 6-9.) Assuming that plaintiff's claim under § 1983 began to accrue at the time the benefits were canceled, the two-year statute of limitations would have lapsed around 2010. Plaintiff did not file this claim until 2022 – nearly fourteen years later. Therefore, plaintiff's claims under § 1983 appear to be time-barred.

The court acknowledges plaintiff's allegations that she was in jail at the time that her Section 8 housing benefits were canceled. Equitable tolling under California law suspends or extends a statute of limitations as necessary to ensure fundamental practicality and fairness. Jones v. Blanas, 393 F.3d 918, 928 (9th Cir. 2004). Courts will toll the statute of limitations where individuals have been subject to continuous custody, "in recognition of their more limited ability to investigate their claims, to contact lawyers and to avail themselves of the judicial process." Id. Plaintiff does not indicate that she was in continuous custody during the fourteen year period between 2008 and 2022. Therefore, plaintiff does not allege enough facts to suggest that the doctrine of equitable tolling applies.

Accordingly, the court dismisses plaintiff's claim with leave to amend. In any amended complaint, plaintiff should clarify the time period during which she was in jail, and when she was released from custody following her assault and battery arrest, so that the court may determine the applicability of the equitable tolling doctrine.

   2. 42 U.S.C. § 2000a (public accommodations statute)

Plaintiff's claim under 42 U.S.C. § 2000a fails because plaintiff's complaint seeks monetary damages. No private right of action for money damages exists under 42 U.S.C. § 2000a. See Newman v. Piggie Park Enter., Inc., 390 U.S. 400, 401-02 (1968) ("When a plaintiff brings an action under [Title II of Civil Rights Act], he cannot recover damages.") Accordingly, as a matter of law, plaintiff cannot state a claim for which the requested relief may be granted.

////

////

      3.   <u>Remaining claims</u>

Plaintiff's complaint alleges "malice" against the Sacramento Housing and Redevelopment Agency and the United States. (ECF No. 7 at 17) (alleging that defendants "chose to willfully, and maliciously, and intentionally, and knowingly, violate all plaintiffs above rights"). However, this allegation fails to state a claim; "malice" is not a cognizable cause of action.

To the extent that plaintiff's complaint requests a temporary restraining order (TRO) (ECF No. 7 at 19-22,) the court recommends that plaintiff's request be denied as moot. Parties requesting a TRO must show either "(1) a combination of likelihood of success on the merits and the possibility of irreparable harm, or (2) that serious questions going to the merits are raised and the balance of hardships tips sharply in favor of the moving party." <u>Homeowners Against the Unfair Initiative v. Calif. Building Industry Assoc.</u>, 2006 WL 5003362, *2, 2006 U.S. Dist. LEXIS 97023, *4 (S. D .Cal. Jan. 26, 2006) (citing <u>Immigrant Assistance Project of the L.A. County of Fed'n of Labor v. INS</u>, 306 F.3d 842, 873 (9th Cir.2002)). Plaintiff has not met either of the TRO requirements.

**Conclusion**

For the reasons outlined above, the court dismisses plaintiff's complaint because it fails to state a claim upon which relief can be granted. <u>See</u> Fed. R. Civ. P. 12(b)(6). The court recommends denying plaintiff's request for a temporary restraining order as moot.

In light of plaintiff's pro se status, and because it is at least conceivable that plaintiff could allege additional facts to potentially state a claim for relief, the court grants plaintiff an opportunity to amend the complaint. <u>See</u> <u>Lopez</u>, 203 F.3d at 1130 ("leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect") (cleaned up).

**STANDARDS FOR AMENDMENT**

If plaintiff elects to file an amended complaint, this new pleading shall:

   i.     be captioned "Second Amended Complaint";
   ii.    be limited to 20 pages, with text utilizing a font size of 12 Times New Roman or

        equivalent and double spacing (*pages exceeding the 20-page limit will be summarily stricken and will not be considered part of plaintiff's operative pleading*);

   iii.   use numbered paragraphs;

   iv.   set forth her various claims in separate sections and clearly identify which defendants are allegedly at fault for each claim (e.g., Claim I against defendants X, Y, and Z, Claim II against defendants R and S, etc.);

   v.   under each section, list the factual allegations supporting that particular claim (for brevity, plaintiff may refer to specific prior paragraphs [i.e. "See ¶¶ 25, 34, and 42"], but in no case shall plaintiff "incorporate all preceding paragraphs" for any claims);

   vi.   include a general background facts section to orient the reader only as necessary;

   vii.   include her statements for jurisdiction, venue, and relief sought as is necessary;

   viii.   omit exhibits, documents, photos, or other such "evidence" of her claims (except for any contracts on which he bases any breach of contract claim);

   ix.   refrain from alleging redundant, immaterial, impertinent, or scandalous matters; and

   x.   address any other pleading deficiencies outlined above.

This amended complaint shall be filed within 28 days of this order.

    Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

    Finally, nothing in this order requires plaintiff to file an amended complaint. If plaintiff determines that she is unable to amend her complaint in compliance with the court's order at this time, plaintiff may alternatively file a notice of voluntary dismissal of her claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

## **ORDER**

IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis is GRANTED;

2. Plaintiff is granted 28 days from the date of this order, plaintiff shall file either (a) an amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice; and

3. Failure to file either an amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential

dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**RECOMMENDATION**

IT IS HEREBY RECOMMENDED that plaintiff's request for temporary restraining order be DENIED as moot.

This finding and recommendation is submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with this finding and recommendation, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: January 10, 2023

_Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21, hafe.1370